(No. 2602)

## JOHNSON v. HICKEL et al.

### SYLLABUS BY THE COURT

(1)   Section 49, Code 1915, requires the owner of a bull to keep it under restraint and not allow it to run at large during certain months of the year, and a failure to comply therewith constitutes such negligence as renders such owner liable in damages for injuries inflicted by such animal to the property of another while such animal is so wrongfully at large.                                               P. 351

(2)   Where the owner of such animal allows it to be at large in violation of such statute, and while being so at large it injures the property of another, it is unnecessary to plead or prove that such owner, prior thereto had knowledge of the vicious disposition of such animal.          P. 351

(3)   The goring of one bull by another, while wrongfully at large, is not such an accident which could not be reasonably foreseen by a reasonable man.           P. 353

(4)   Findings of fact made by the trial court will not be disturbed on appeal if supported by substantial evidence.
P. 353

Appeal from District Court, Mora County; Leahy, Judge.

Action by James W. Johnson against Harve Hickel and another. From a judgment for plaintiff, defendants appeal. Affirmed.

S. B. Davis, Jr., of Washington, D. C., and Chas. G. Hedgcock and Charles W. G. Ward, both of East Las Vegas, for appellants.

W. J. Lucas, of East Vegas, and J. B. Lusk, of Roy, for appellee.

### OPINION OF THE COURT

BRATTON, J.   Judgment was rendered by the trial court in favor of appellee and against appellants in the sum of $600 for the damages sustained by the killing of appellee's bull by the bull belonging to the appellants. The complaint charged that the defendant's (appellant's) bull, being entirely free and at large, broke through the fence inclosing the plaintiff's (appellee's) pasture, and therein attacked plaintiff's bull, and

during the fight which followed gored it in the eye, thereby inflicting a wound several inches deep, from which it died.

Appellants attacked the complaint by demurrer upon three separate grounds, viz.: That it did not allege knowledge upon the part of the defendants of the vicious disposition of their bull, that it failed to allege negligence on the part of the defendants, and that it failed to allege that plaintiff's pasture in which the injury occurred was inclosed by a legal fence. This demurrer was overruled by the trial court, and such action is here urged as error.

It is first contended that the owner of domestic animals is not liable for damages for injuries inflicted by them upon persons and property unless it is alleged and proven that such owner, prior to the infliction of such injury, had knowledge of the vicious disposition of such animal. To sustain this contention they cite Congress & E. Spring Co. v. Edgar, 99 U. S. 645, 25 L. Ed. 487; State v. Smith, 156 N. C. 632, 72 S. E. 321, 36 L. R. A. (N. S.) 910; and other cases. The facts in the former case were that the defendant Congress Spring Company was the owner and proprietor of the Congress Spring, situated at Saratoga, N. Y., whose waters for medical purposes had become celebrated; that said company had for a long time kept said spring open and accessible to the public, and to make it more inviting and attractive had opened and maintained an extensive park and placed therein some partially domesticated deer, one of which attacked and injured the plaintiff while passing through such park, and the suit was to recover damages therefor. The court said, in part:

."Domestic animals, such as oxen or horses, may injure the person or property of another, but courts of justice invariably hold that if they are rightfully in the place where the injury is inflicted the owner of the animal is not liable for such an injury, unless he knew that the animal was accustomed to be vicious; and in suits for such injuries such

knowledge must be alleged and proved, as the cause of action arises from the keeping of the animal after the knowledge of its vicious propensity."

The latter case deals with the right to kill a dog which has the habit of killing fowls—not at all applicable to the case at bar.

It therefore becomes material and controlling in the instant case to determine whether or not the appellant's bull was rightfully at the place where the injury occurred. The complaint charged, and the proof clearly shows, that it was on August 23, 1919, in the pasture belonging to the appellee. It further appears that one of the appellants had seen their said animal on the morning of, and prior to, the injury, wandering about in the public road near appellee's house, and that he took no action with respect to returning it to their pasture or otherwise taking it under control. Section 49, Code 1915, provides:

"It shall not be legal for any person or persons in this state, or for any owner or owners of large stock, to allow the same to run at large during the months of March, April, May, June, July, August, September and October, nor under any pretext whatever to have them at large on their ranches or herding ranges, unless they shall have them under custody during the months above specified. And every person or persons who shall violate the provisions of this section shall suffer a fine and costs, as provided in the laws in force in this state."

[1, 2] Obviously, therefore, appellants failed to comply with the terms and provisions of this statute, and their said bull was manifestly not rightfully at the place where the injury complained of occured, and under such circumstances they are liable in damages for the injury, regardless of whether or not they previously knew of his vicious disposition, and their failure to comply with the statute constitutes prima facie negligence on their part.

"In some jurisdictions statutes or ordinances have been enacted requiring the owners of animals to restrain them and to prevent their being at large on the public highways. Many of these enactments expressly impose liability on the

owner for such damage as may be sustained by reason of his failure to comply with the statutory provisions, and generally, where a statute imposes on the owner or keeper of animals the positive duty of preventing them from being at large upon the highway, a violation of the statutory duty is regarded as in itself such negligence as will sustain an action for damages for injuries resulting therefrom, if the other elements of actionable negligence concur." 1 R. C. L. § 39, "Animals," p. 1096.

"Under positive laws forbidding the owner of specific domestic animals to permit them to run at large in the highways, it has been held that he is liable for any injury resulting from their being at large, whether he knew that they had escaped or not, and that his negligence may be presumed from the fact that the animal inflicts the injury in a place where it had no right to be. But in some courts it is held necessary to show that the animal was at large by the negligence or with the knowledge or permission of the owner, and there can be no recovery for an injury resulting from a domestic animal's being at large, where the owner has exercised the care of a prudent person in restraining it, or where it is at large without any fault of his and he promptly pursues it.". 3 C. J. § 329, p. 97.

See, also, 3 C. J. § 324, p. 94.

Counsel for appellants insist that this is in conflict with Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014, and Vanderford v. Wagner, 24 N. M. 467, 174 Pac. 426. With this contention we disagree. In the former case the following, which was quoted with approval in the latter, was said:

"Our conclusion, therefore, is that the rule, taking into consideration all its limitations and as generally applied throughout the Western States, requires the owner to fence out cattle if he desires to claim damages for trespasses by animals when lawfully at large."

What has been said clearly distinguishes this case from the two cases referred to, in this: That the appellants' bull was not rightfully at the place where it inflicted the fatal injury, while the converse was held to be true in both of the cases referred to. What we have said also disposes of the last question presented, namely, that appellee's pasture, wherein the injury complained of occurred, was not inclosed by a legal fence. By virtue of the statute it became and was appellants' duty to not permit their said animal to run

at large during certain months of the year, ,including August, and which being true their failure so to do renders it immaterial whether such fence so inclosing appellee's pasture was a legal fence or not.

[3] Appellants further contend that the injury complained of was not the natural and probable consequence of their allowing their said animal to be at large, that allowing him to be at large was not the natural or proximate cause of the injury, and that such injury is in the nature of an accident which could not be reasonably foreseen. Some courts hold that where animals are wrongfully permitted to be at large, in violation of positive statutes forbidding the same, the owner is held to be liable for any injury resulting from their being at large, whether he knew they had escaped or not, and that his negligence may be presumed from the fact that the animal inflicts the injury at a place where it had no right to be; while others hold that it is necessary to show that the animal is at large by the negligence or with the knowledge or permission of such owner. 1 R. C. L. p. 1097, par 39; 3 C. J. p. 97, § 329. Under either rule, however, appellants are liable, as it appears from the record, as has been heretofore stated, one of the appellants had seen their animal at large wandering in a lane near appellee's house; that he took no steps to take it into custody or capture it, but passed by and continued his journey to the town of Roy, thereby permitting said animal to remain at large. Shortly thereafter the injury was inflicted. We are unable to say that such injury is in the nature of an accident or could not be reasonably foreseen; neither, that a reasonable man could not have anticipated such result from such negligence of duty.

[4] Complaint is made that certain findings of fact made by the court are not supported by the evidence. We have carefully examined the entire record and find that each of such findings so complained of is supported by substantial evidence, and they will not, therefore,

be disturbed.    This rule has been frequently declared by this court.

There being no reversible error in the record, the judgment of the trial court is affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.