## No. 2679.

## FIRST NATIONAL BANK OF EL PASO, TEX., v.

## CAVIN et al

### SYLLABUS BY THE COURT

(1) All matters determined by a former decision of a case become the law of the case, and are binding upon the courts and litigants.                                         P. 469

#### On Motion for Rehearing.

(2) On remand, the trial court must necessarily look to the opinion, and not to the judgment of mandate, for the law of the case.                                          P. 471

Appeal from District Court, Chaves County; Brice, Judge.

Action by the First National Bank of El Paso, Tex., successor to the Texas Bank & Trust Company, against G. E. Cavin and G. N. Amis. From a judgment for plaintiff, defendant Amis appeals. Reversed and remanded, with instructions.

Reid, Hervey & Iden and Curtis Hill, all of Roswell, for appellant.

H. C. Maynard, of Roswell, for appellee.

### OPINION OF THE COURT

HOLLOMAN, District Judge. This is an action by the appellee, First National Bank of El Paso, being substituted as plaintiff in lieu of its predecessor, Texas Bank & Trust Company, the original plaintiff, against G. E. Cavin and G. N. Amis, on one certain promissory note. Judgment having been rendered in the lower court against the defendants, the defendant G. N. Amis appealed therefrom.

This is the second appeal of this case, the same having been before us in the case of Texas Bank & Trust Co. v. Cavin et al., reported in 26 N. M. at page 326, 192 Pac. 365. The facts having been stated in the former opinion it is not necessary to re-state

them at this time. By our opinion rendered on the former appeal the entire case was determined as to this appellant, except as to one thing. The case was remanded, so that the lower court should have an accounting to determine the amount due plaintiff by the defendant Cavin on the note executed by Cavin to the plaintiff, for which the note in this action was given as collateral security. All that was necessary or proper for the lower court to do after the case was remanded was to determine that amount and render judgment in favor of the plaintiff therefor The lower court, however, erroneously concluded that it was his duty to have a rehearing of the entire matter, which was done, and findings of fact were made at variance with the findings made at the first trial, which was appealed to this court and decided.

(1) It is a familiar rule of law that all matters determined by a former decision of a case become the law of the case and are binding upon the courts and litigants. As all matters affecting this appellant, except ascertaining the amount due on Cavin's note to the plaintiff, were determined by the former opinion, it is unnecessary for us to further consider this case, except to reverse the same and remand it with instructions to render judgment for the plaintiff against the appellant Amis in the sum of $950. 89, being the amount found by the lower court to be due on the note of Cavin to the plaintiff. Interest will not be allowed on said amount, as appellant at the time of the trial offered to pay in court the amount found to be due on said Cavin note; and

It is so ordered.

BRATTON and BOTTS, JJ., concur.

## On Motion for Rehearing.

HOLLOMAN, District Judge. The appellee has filed a motion for a rehearing of this case, and in support of its contention has filed voluminous briefs.

In our opinion, heretofore filed in this case, we held that on the former appeal of this case to this court, the entire cause was determined, with the exception, to ascertain by an accounting, the amount owing appellee by the defendant Amis, and that, as in the second trial in the district court, such an accounting was made, the judgment of the lower court should be reversed and remanded, with instructions to render judgment in accordance with said accounting.

Appellee strenuously contends that the lower court, at the second trial, was correct in rehearing all the issues involved, and bases this contention largely upon the wording of the judgment and mandate of this court made and issued at the time this case was first before this court on appeal. Counsel for appellee, in their motion for a re-hearing, and in their briefs in support of their motion, contend that the only thing the district court will look to is the mandate and judgment of this court. In effect they contend that when a case is reversed and a new trial ordered, the lower court is bound by the judgment and mandate only, and may close his eyes to any limitations or conditions imposed in the opinion of the court.

In our opinion, as we heretofore held, all matters involved in this litigation were determined when this case was here for the first time on appeal, except the mere matter of determining by an accounting the amount owing appellee by the defendant Amis. The judgment rendered by this court on the first appeal merely determined that a new trial should be granted, but in that judgment the attention of the lower court was specifically directed to the opinion on file by the following words:

"This cause having been argued by counsel, submitted to and taken under advisement by the court, and the court being now sufficiently advised in the premises, announces its decision by Justice Raynolds, Chief Justice Parker and Justice Roberts concurring, reversing the judgment of the court below, for reasons stated in the opinion of the court on file."

[**2**]   Following· that statement in the judgment it was ordered that the cause be remanded, with instructions to grant a new trial.   The only thing contained in the mandate issued on said judgment was a direction to the lower court to grant a new trial. If, as the appellee's counsel contend, the only thing the lower court looks to is the judgment and mandate of this court, it is useless for this court to write an opinion, and, in effect, the rule of the "law of the case" is destroyed, for no one will contend that the court will look to the judgment or mandate, such as was rendered and issued in this matter, for the law of the case, but necessarily must look to the opinion of the court.   Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611, 37 L. Ed. 432; Wayne v. Kennicott, 94 U. S. 498, 24 L. Ed. 260.

It is evident that the lower court did not look to the opinion rendered on the first appeal for the law of the case, as he should, for in an opinion of the lower court filed on rendering judgment we find the following:

"I have prepared findings of fact and conclusions of law in this case, and I am well satisfied, under the facts of the case, that the legal conclusions reached by the Supreme Court, in the appeal from the former trial, could not have been reached under the facts in this case.   As to how far the law of the case, as laid down by the Supreme Court, will affect this decision, will be taken up later."

From this statement, made by the lower court, no one can assume other than that he did consider the opinion, and looked to it for the law of the case, and that statement also shows that the question of the law of the case had been called to his attention and was considered by him.

Counsel contend that the opinion of this court, rendered on the first appeal, was palpably erroneous. It is neither necessary nor proper for us at this time, to enter into a discussion of that question, nor should anything suggested in this opinion be construed as in

any way reflecting our view as to the correctness of that opinion. It is only necessary to say that the matters determined in the opinion on the first appeal became the law of this case, which is binding on the lower court, and will be adhered to by this court, irrespective of any personal view of any individual as to the soundness of its reasoning.

Many other reasons are given in the motion for a rehearing, and while, in the opinion filed herein, we did not enter into a discussion of them, it was because we did not deem it necessary, owing to our holding that by the law of the case, as determined on the first appeal, all that was left to do was to have an accounting to ascertain the liability of the defendant Amis. We know of no reason for further discussing those matters at this time.

The motion for a rehearing is denied; and it is so ordered.

BRATTON and BOTTS, JJ., concur.