374 P.2d 146

**D A & S OIL WELL SERVICING OF ANDREWS, INCORPORATED,**
Plaintiff-Appellee,

v.

**MacDONALD OIL CORPORATION,**
Defendant-Appellant.

No. 7097.

Supreme Court of New Mexico.

Aug. 15, 1962.

Merrill L. Norton, Lovington, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for appellant.

Rose & Johnson, Hobbs, for appellee.

COMPTON, Chief Justice.

This appeal is from a judgment dismissing the defendant's counterclaim for damages resulting from the falling of the plaintiff's derrick while servicing the defendant's oil well.

On the 16th day of November, 1959, the defendant employed the plaintiff to service its well which had stopped producing. By the terms of the employment, the defendant supervised the work to be performed and had the right to terminate the contract at any time.

The plaintiff placed its derrick on the well location. The location previously had in place four anchors, but the northeast anchor had become displaced and was lying upon the ground. The plaintiff drove an iron stake into the ground as a substitution for the fourth anchor. To secure the derrick in place, guy wires were then attached leading from near the top of the derrick to the anchors. With this set-up the plaintiff and its servicing crew commenced operation to bring the well back into production. All went well with no untoward events until the defendant's manager gave orders to shut down. November 26, 1959 was Thanksgiving and, in observance of the day, at 6:30 a. m., the defendant's manager ordered the shutdown until the following day. The plaintiff complied and the parties then left the rig. Upon their return the following morning they found that the rig had fallen.

The plaintiff brought the action to recover for services rendered. The defendant joined issue and cross-claimed for damages to its well and equipment allegedly due to plaintiff's negligence in its rigging-up and shutting-down procedures. Subsequently, it was stipulated by the parties that plaintiff's services were of the value of $7,170.90 and that defendant had been damaged in amount of $8,397.61.

On a hearing to determine liability only, the court found that plaintiff was free of any negligence as a proximate cause of

the accident and concluded that the doctrine of res ipsa loquitur was not applicable under the facts. Judgment went for the plaintiff for the stipulated amount and the defendant appealed.

■ We are in accord with the ruling of the court. The cross-claim alleges that the plaintiff was negligent in the use, maintenance and control of its equipment. The burden of establishing negligence was on the defendant, and there was a complete failure to do so. Attempts were made to show specific acts of negligence, particularly in the use of the iron stake for the northeast guy line, the failure to maintain taut guy lines, and the failure to properly guard against hazards in shutting down. As we view the defendant's evidence in this aspect, it only shows how the accident possibly could have happened.

The defendant's cross-claim also alleges that the accident would not have happened had the plaintiff exercised due care, thereby relying upon the doctrine of res ipsa loquitur. The plaintiff, however, had no explanation for the accident but knowing that it was faced with the doctrine, developed evidence of an exculpatory nature. We summarize the evidence.

The iron stake was driven some four feet into the ground, leaving some ten inches above the surface. A sheave or block was placed thereon to which the northeast guy line was attached. The sheave was secured in place by wrapping a metal chain around the stake, with a double half hitch both below and above the sheave. This chain was seen on the stake the previous evening. The stake was tilted in such manner that the sheave would remain stationary.

■ The plaintiff had been working on the well ten days. When the order was received to shut down, some 14,000 feet of tubing had been pulled from the well and these were standing in an upright position in the derrick. These items were then securely wrapped with a cat line after which they were attached to the derrick. Incidentally, this procedure had been· followed previously. There is evidence also that when the derrick was placed on the location all guy lines were properly tightened and, when once tightened, they remain so. Plaintiff's operator from his position in the derrick was able at all times to see that the guy lines were never slack.

Further, when the parties returned to the well following Thanksgiving, they found the rig had fallen, the southeast guy line was broken. The iron stake was found intact but the sheave and guy line for some unexplained cause were off the stake. The chain, however, was nowhere to be found. These facts resulted in considerable speculation as to the cause of the accident. Some witnesses indicated that they thought that the rig had blown down. The witness Gillen, the defendant's production manager on the job, suggested

sabotage. But there is no direct evidence to support either theory.

We think the court was warranted in finding that the countervailing evidence was sufficient to dispel any inference of negligence arising from the mere falling of the rig. While the doctrine of res ipsa loquitur is a wholesome rule of evidence, more than the happening of an accident is required to set the rule in operation. Laffoon Oil Co. v. Flanagan, Okl., 330 P.2d 194. Compare Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102; Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352. Also see Thompson on Negligence, Vol. 8, § 7635.

The judgment should be affirmed. It is so ordered.

MOISE and NOBLE, JJ., concur.

CARMODY and CHAVEZ, JJ., not participating.