**Harry Robert STEED and Mary R. Steed, his wife, and State Farm Mutual Automobile Insurance Co., Appellants,**

**v.**

**Bert ROUNDY, Appellee.**

**No. 7857.**

United States Court of Appeals
Tenth Circuit.

March 1, 1965.

Schall, Sceresse & Addis, Thomas D. Schall, Jr., Albuquerque, N. M., for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, and Frank H. Allen, Jr., Albuquerque, N. M., for appellee.

Before LEWIS and SETH, Circuit Judges, and DAUGHERTY, District Judge.

DAUGHERTY, District Judge.

In this action plaintiffs seek to recover damages from the defendant as the result of an accident involving a car driven by the plaintiff, Mary R. Steed, and owned by the plaintiff, Harry Robert Steed. The plaintiff, State Farm Mutual Automobile Insurance Company, joins the above named plaintiffs under rights of subrogation because of an insurance policy issued by it on the said car under which it made payments by reason of the accident involved herein. The said car collided with a horse owned by the defendant on a highway in Valencia County, New Mexico.

Two New Mexico statutes appear to have been enacted pertaining to this type of situation. The earlier statute in point of time as to enactment is 64–18–62(b), NMSA 1953 Comp., which reads in part as follows:

"(b) It shall be unlawful for any person to permit livestock to wander or graze upon any fenced highway at any time, or during the hours of darkness to drive livestock along or upon any highway, which is normally used by motor vehicles."

The other statute, enacted after the foregoing statute is 40–23–4, subd. B, NMSA 1953 Comp., which reads in part as follows:

"B. It shall be unlawful for the owner or custodian of live stock to negligently permit or allow his live stock to run at large upon any part of the public highways of this state which are fenced on both sides."

The later statute specifically requires proof of negligence on the part of the owner of livestock running at large on the public highways before liability would attach. 34 A.L.R.2d § 5, p. 1291. The earlier statute in using the word "permit" also requires that negligence of the owner must be established before liability would attach. 34 A.L.R.2d, § 4, p. 1289, states:

"Where the particular statute involved provides that the owner shall not 'permit', 'allow', or 'suffer' his

animals to run at large, the courts have generally held, or recognized, that statutes of this type are not violated in the absence of at least negligence by the owner of the animals."

Moreover, it is the rule that when there are two acts upon the same subject, they must stand together, if possible, but if repugnant in any of their provisions, the later act operates as a repeal of the earlier one so far and only so far as its provisions are repugnant to those of the earlier act. See Kemp Lumber Co. v. Howard, 10 Cir., 237 F. 574; Veterans' Foreign Wars, Ledbetter-McReynolds Post No. 3015 v. Hull, 51 N.M. 478, 188 P.2d 334; Stokes v. New Mexico State Board of Education, 55 N.M. 213, 230 P.2d 243; State v. Montiel, 56 N.M. 181, 241 P.2d 844; State v. Valdez, 59 N.M. 112, 279 P.2d 868; and Alvarez v. Board of Trustees of La Union Townsite, 62 N.M. 319, 309 P.2d 989.

Therefore, in view of the foregoing, it is necessary in New Mexico that negligence be shown on the part of the owner of livestock running at large upon the public highways before liability will attach against him for damages or losses sustained by others by reason thereof.

In the case before us, the evidence establishes that a white mare belonging to a neighbor of the defendant kicked open the pasture gate of the defendant in which he kept his horses, including the one involved in the accident herein; that the defendant exercised due care in the construction, maintenance and inspection of his gates and fences in the vicinity of the accident; that the neighbor owning this white mare lived approximately two miles from the defendant and kept said white mare at that location; that while the white mare had a propensity to open or kick down gates and otherwise get in with or cause horses to be released from their enclosures, the defendant herein had never encountered any such activities on the part of said white mare on his premises until the occasion here involved;

the evidence fails to show precisely when the white mare kicked open the gate or exactly when or for how long the horse or horses of the defendant were thereby released onto the highway; the evidence also fails to establish any knowledge on the part of the defendant of his horses being released and running at large on the highway until after the accident involved herein.

In this state of the New Mexico law and the facts of this case, the trial court held that the plaintiffs had failed to produce evidence establishing negligence on the part of the defendant in connection with one of his horses running at large on the highway and being involved in the collision with the plaintiffs' car. The trial judge held that the accident was due to a combination of circumstances beyond the reasonable foreseeability or control of the defendant and for which he should not be held responsible. From the record before us, it appears that these findings of· the trial judge are proper and are amply supported by the evidence herein.

Affirmed.