444 P.2d 617

David **CARRASCO**, Plaintiff-Appellant,

v.

Lawrence **CALLEY**, Defendant-Appellee.

No. 205.

Court of Appeals of New Mexico.

Aug. 9, 1968.

Charles A. Feezer, McCormick, Lusk, Paine & Feezer, Carlsbad, for appellant.

James L. Dow, Carlsbad, for appellee.

## OPINION

SPIESS, Chief Judge.

This action was instituted by plaintiff (appellant) to recover damages resulting from a collision between plaintiff's automobile and a bull belonging to defendant. The collision occurred on an unfenced portion of a state highway which intersects pasture lands of the defendant and was allegedly the result of the defendant's negligence.

At the close of plaintiff's case a motion to dismiss plaintiff's complaint was sustained by the trial court pursuant to Rule 41(b) of the Rules of Civil Procedure, § 21–1–1(41) (b), N.M.S.A.1953, and the following findings of fact, among others, were made:

"2. The accident between the automobile and the bull occurred in the hours of darkness on a winter night between 10:45 and 11:00 p. m. and at a place where State Road 31 traversed unfenced pasture land owned by the defendant.

\*　\*　\*　\*　\*　\*

4. Defendant is the owner of a ranch and grazing leases over which State Road No. 31 in Eddy County, New Mexico runs. On January 6, 1966 at approximately one hundred yards north of the railroad crossing in Section 28, Township 22 South, Range 29 East, N.M.P.M., Eddy County, New Mexico, plaintiff, David Carrasco, was operating his automobile on State Road No. 31 within the confines of a pasture owned by defendant. At such place at approximately 10:45 to 11:00 o'clock p. m. on January 6, 1966, plaintiff's car hit a bull owned by the defendant on State Road No. 31. At such time and place State Road No. 31 was and is now an unfenced road running through the pasture owned by defendant and in open range country.

\*　\*　\*　\*　\*　\*

6. That the defendant was lawfully raising livestock and allowing them to graze in his pasture at the time and place of the accident.

7. The Court finds that there was no negligence on the part of the defendant in any of his actions herein."

The statute in effect at the time of the accident, January 6, 1966, was Chapter 221, Laws of 1965, which provides:

"Section 1. Section 64–18–62 New Mexico Statutes Annotated, 1953 Compilation (being Laws 1953, Chapter 139, Section 119.1) is amended to read:

'64–18–62. ANIMALS ON HIGHWAY.—

A. It is unlawful for any person, during the hours of darkness, to ride a

horse or other animal upon the traveled portion of any highway which is normally used by motor vehicles.

B. It is unlawful for any person negligently to permit livestock to wander or graze upon any fenced highway at any time or, during the hours of darkness, to drive livestock along or upon any highway which is normally used by motor vehicles.

C. No owner of livestock is liable for damages resulting from the presence of his livestock upon any unfenced highway, in the absence of negligence of any such owner.'"

It appears to be plaintiff's contention that the trial court erred in dismissing his complaint at the conclusion of his case for the reason, as he contends, that the evidence which he introduced made a prima facie case warranting recovery against defendant. It appears to be the contention that defendant's negligence is necessarily established by the proof of the following facts:

(1). The highway involved is unfenced and traverses defendant's grazing land.

(2). Defendant was aware that his livestock roamed at large in the area of the grazing land which is traversed by the highway, and

(3). That certain of his livestock had from time to time prior to the accident involved been killed or injured by collision with motor vehicles traveling upon the highway.

■ In White v. City of Lovington, 78 N.M. 628, 435 P.2d 1010 (Ct.App.1967), we stated:

"Hickman v. Mylander, supra, [68 N. M. 340, 362 P.2d 500 (1961)] held that under § 21–1–1(41) (b), N.M.S.A.1953, the trial court is not bound to give plaintiff's testimony the most favorable possible aspect. Rather, the trial court is to give the testimony such weight as it is entitled to receive. Thus, the trial court, as the trier of the facts, is to apply its own judgment in ruling on a motion to dismiss after plaintiff has completed the presentation of its evidence. Assuming, but not holding, that plaintiff had established a prima facie case, a prima facie case does not preclude dismissal by the trial court. Blueher Lumber Co. v. Springer, 77 N.M. 449, 423 P.2d 878 (1967)."

If here the evidence is such as to make a prima facie case, which we do not decide, the trial court would nevertheless not be precluded from dismissing the complaint at the close of plaintiff's case. White v. City of Lovington, supra. The contention, of course, is that defendant here was negligent in permitting the bull to be on the highway.

■ The fact situation presented by plaintiff viewed in a light most favorable to the trial court's finding does not require a determination of negligence on defendant's part. The trial court consequently did not err in the findings made by it, nor in dismissing the complaint upon the conclusion of plaintiff's case.

Plaintiff has cited and relied upon Grubb v. Wolfe, 75 N.M. 601, 408 P.2d 756 (1965). This case involved an action brought by the owner of a calf against a motorist who struck and killed the animal. The accident occurred upon an unfenced portion of a public highway which traversed grazing lands of the plaintiff (owner of the calf). The judgment was for the motorist in the district court and affirmed. Grubb is distinguishable on the facts. In addition, the accident in Grubb occurred prior to the effective date of Chapter 221, Laws of 1965.

In view of the conclusion reached by us we do not discuss other points raised by plaintiff.

In our opinion the judgment of the trial court should be affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.