596 P.2d 271

**Harold A. DEAKIN, Plaintiff-Appellant,**

**v.**

**Bobby Q. PUTT and Marjorie Putt, d/b/a Cuban Cafe, Defendants-Appellees.**

**No. 3546.**

Court of Appeals of New Mexico.

April 10, 1979.

Kathleen Davison Lebeck; Civerolo, Hansen & Wolf, Albuquerque, for plaintiff-appellant.

Stephen M. Williams; Shaffer, Butt, Jones, Thornton & Dines, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff sued defendant for damages arising out of an injury sustained in defendant's cafe. While defendant was pouring plaintiff a cup of hot coffee from a glass coffee pot, the bottom of the pot broke spilling hot coffee in plaintiff's lap. Plaintiff relied upon the doctrine of res ipsa loquitur. Summary judgment was granted defendant and plaintiff appeals. We reverse.

To make a prima facie case, defendant had the burden of establishing as a matter of law that (1) the coffee pot was not in defendant's exclusive control, and (2) this accident does not ordinarily happen in the absence of negligence. Defendant did not meet this burden.

The only witness able to establish these facts was defendant himself. His affidavit, recorded telephone conversation, and deposition vary in some respects. The affidavit was a formal production of the attorney. The recorded telephone conversation and deposition represent a fair presentation of the facts.

Defendant purchased the glass coffee pot from Farmer Brothers about four years prior to the accident. Labeled on it was a warning to be careful not to bump, scratch or boil dry. To prevent accidents like this from happening, defendant had instructed

his employees about the occurrence, if bumped, of cracks such as "stars" on the glass coffee pot. In defendant's opinion it does not take very much of a bump to make the pot break. It will "star" crack if bumped hard enough in the washing process. When asked whether the coffee pot had been cracked, defendant said that he could have hit the edge of another cup or dish on the table, or tapped the top of the cup as he reached over to pour the coffee for plaintiff. Any one of these events could have caused the glass to fall off the pot. Defendant did not inspect the pot. While pouring the coffee for plaintiff, a business invitee, glass from the side or bottom of the pot fell off and hot coffee spilled on plaintiff.

Plaintiff claims the accident occurred because defendant failed to keep his premises, fixtures and utensils in a reasonably safe condition. By use of the word "utensils," plaintiff included the glass coffee pot. Of course, defendant had a duty to keep the pot in a reasonably safe condition, primarily to keep the pot from being bumped, scratched or boiled dry to avoid a "star" crack. The parties appear to agree that a "star" crack in a hot coffee pot will cause the glass to fall out.

■ The first element of res ipsa loquitur is whether defendant had exclusive control of the coffee pot before or at the time of the accident. From the facts presented, we hold, as a matter of law, that defendant had exclusive control of the coffee pot.·

■ The second element is whether the accident was one which ordinarily does not happen in the absence of negligence. We hold that a genuine issue of material fact exists.

The common experience of the average customer in a cafe subjected to an accident of this kind is one of bewilderment. All that he knows is that the owner spilled hot coffee on him while pouring it. His first impulse is to ask: Why did you spill the coffee on me? Did the pot break? It did? Why? Did you look at the pot before you poured the coffee? Accidents like this don't ordinarily happen without reason, do they? Please explain what caused you to spill the hot coffee on me. The owner has a duty to explain, and the customer has the right to an explanation.

Defendant's explanation was: When I poured the coffee, the glass fell off the pot. It was not "star" cracked. The pot had some hidden defect unknown to me and I am sorry.

Defendant did not testify that he inspected the pot before pouring the coffee nor that he knew "the hot pot was not fraught with a bad spot"; that it had not been bumped sufficiently to cause a "star" crack. As a result, defendant's explanation failed to establish, as a matter of law, that this accident was one which ordinarily does not happen in the absence of negligence.

We followed the guidelines suggested by the doctrine of res ipsa loquitur: (1) the common experience of mankind, (2) the knowledge of the cause of the glass falling off being accessible to defendant and not plaintiff, (3) the duty of defendant to exercise reasonable care not to "bump" the pot, (4) the duty of defendant to inspect the pot, and (5) the absence of an explanation by defendant that the accident did not arise from want of care. *Tapia v. McKenzie*, 83 N.M. 116, 489 P.2d 181 (Ct.App.1971), Sutin, J., Specially Concurring. A genuine issue of material fact exists. · ˙

Plaintiff is entitled to go to the jury under the doctrine of res ipsa loquitur. *Tapia, supra* (note error in headnote No. 7); *Chapin v. Rogers*, 80 N.M. 684, 459 P.2d 846 (Ct.App.1969) where a restaurant stool broke; *Tuso v. Markey*, 61 N.M. 77, 294 P.2d 1102 (1956) where a restaurant chair collapsed; *Lay v. Vip's Big Boy Restaurant, Inc.*, 89 N.M. 155, 548 P.2d 117 (Ct.App. 1976) where restaurant window shattered.

Defendant believes that *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892 (Ct.App.1970) is analogous. We disagree. *Rekart* was not presented on the doctrine of res ipsa loquitur. Plaintiff was reaching for a carton of Dr. Pepper when a Pepsi Cola bottle fell and cut plaintiff. Plaintiff contended that defendant knew the soft

drink display area became disarranged during the course of business due to the public's mishandling of the soft drinks, some of them being placed in a precarious position; that with knowledge of these conditions defendant failed to inspect and remedy these conditions or notify business invitees that they existed. *Defendant made a prima facie showing that neither of plaintiff's two claims were the proximate cause of the bottle falling.* The burden then shifted to plaintiff to show there was a factual issue concerning proximate cause. The court said:

> * * * Here we have no evidence that a messy condition existed at the time of the accident. (Citations omitted.) If such a condition existed it must be inferred. For a messy condition to have been the cause for the bottle falling we must put inference on inference. This we may not do. (Citations omitted.)
>
> We have the fact that there was shelving in common use that was safer than the stacking method used by defendant. If we infer that the stacking method in use on the day of the accident was unsafe we must use that inference to infer such was the proximate cause for the fall of the Pepsi Cola bottle. Again we place inference on inference. [81 N.M. at 493, 468 P.2d at 894.]

Plaintiff did not meet her burden on the issue of proximate cause.

■ The only question in *Rekart* was whether a permissible inference can be drawn that the "messy condition" or the "stacking method" used was a proximate cause of the accident. There is a distinct difference between a permissible inference and the doctrine of res ipsa loquitur. If the circumstantial evidence touching the injury is sufficient to warrant an inference that some fault of the defendant caused plaintiff's injury, the jury is permitted to make a finding of negligence upon the facts adduced, *irrespective of the doctrine of res ipsa loquitur. Hepp v. Quickel Auto & Supply Co.*, 37 N.M. 525, 25 P.2d 197 (1933); *Tapia, supra*, Sutin, J., Specially Concurring. Under res ipsa loquitur, the question presented is not whether a permissible inference can be drawn, but whether the accident would have occurred if defendant had exercised due care.

Defendant has argued inferences as an essential element in the discussion of res ipsa loquitur cases. Defendant is mistaken.

■ Under *Tapia*, defendant contends that *plaintiff* must produce evidence *in the summary judgment stage* tending to establish the elements of res ipsa loquitur. Defendant has misread *Tapia*. *At the trial of the case*, plaintiff must, after pleading res ipsa loquitur, " 'fulfill the burden of satisfying the court, or the jury, that the accident was of a kind which ordinarily does not occur in the absence of someone's negligence,' " and that defendant has exclusive control. "If plaintiff fails to establish the essential elements of the doctrine, it would not be available to make a prima facie case of liability." [83 N.M. at 118–119, 489 P.2d at 183–184.] *Tapia* made it clear that at the summary judgment stage, *if defendant made a prima facie showing*, then, to defeat summary judgment, plaintiff must show a fact issue. The burden of establishing an absence of a material issue of fact on the question of defendant's due care was on defendant and defendant failed to meet that burden. Plaintiff did not have to present any evidence to establish a fact issue.

Defendant's discussion of other New Mexico cases does not require any comment.

Reversed.

IT IS SO ORDERED.

WALTERS, J., concurs.

HENDLEY, J., concurs in the result.