378 P.2d 130

Modeana RENFRO, Individually and as Administratrix of the Estate of Robert William Renfro, Deceased, and Bartie Renfro, Individually, Plaintiffs-Appellants,

v.

J. D. COGGINS COMPANY, a New Mexico Corporation, Defendant-Appellee.

No. 7126.

Supreme Court of New Mexico.

Jan. 23, 1963.

Schall & Fowler, Albuquerque, for appellants.

Lewis R. Sutin, Keleher & McLeod, and Russell Moore, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an appeal from a judgment for the defendant in a wrongful death action and for damages for loss of personal property.

The complaint alleged that the defendant was negligent in repairing, or in failing to repair, faulty brakes on a used Galion road grader before delivery to the plaintiff, Bartie Renfro, thereby breaching its express and implied warranties of fitness; that such negligence was the proximate cause

of the accident in which decedent was killed. The complaint also pleaded the doctrine of res ipsa loquitur. Defendant's answer, among other things, contained a general denial and alleged assumption of risk, no warranties, and unavoidable accident. Other parties claiming damages to real estate as a result of the accident intervened.

At the close of the plaintiffs' case, which included the calling of the defendant's witnesses as adverse witnesses, the court found that the plaintiffs had failed to prove negligence or establish facts from which a reasonable inference of negligence could be drawn, also that the cause of death of decedent was unknown. Defendant's motion to dismiss was granted; judgment was accordingly entered, and this appeal followed.

Appellants contend that the evidence made out a prima facie case of gross negligence, and further that they were entitled to the benefit of the doctrine of res ipsa loquitur since the repair of the brakes on the grader was within the exclusive control of appellee. Appellants also contend that there was no substantial evidence to support certain findings of the court, and that the court erred in refusing to give certain findings and conclusions requested by them.

The following findings and conclusions are attacked as not being supported by substantial evidence:

*Findings*

"3. On May 7, 1960, plaintiff Bartie Renfro purchased a used Galion road grader from defendant 'as is—where is,' without any express or implied warranties.

"4. On May 14, 1960 said plaintiff took delivery thereof and at his request defendant filled the brake master cylinder with brake fluid and bled and checked the lines; * * * (no objection was made to the balance of this finding).

\* \* \* \* \* \*

"7. That the conduct of defendant was, in all respects, reasonable and prudent and had no relationship to the death of Robert William Renfro.

"8. That the proximate cause of the death of Robert William Renfro is unknown.

"9. That there was no showing by the plaintiffs or the intervenors that any action on the part of the defendant was negligent, or that any action on the part of the defendant was the cause of the death of the decedent.

"10. That there was no negligence proved by the plaintiffs or intervenors against the defendant.

"11. That the cause of death of the decedent was based on mere speculation and not on any proven facts or other reasonable inference drawn by the plaintiffs or intervenors."

*Conclusions*

"1. That the plaintiffs and intervenors failed to make out a case against the defendant and therefore are not entitled to recover in this case.

"2. That the plaintiffs and intervenors failed to show any negligence on the part of the defendant.

\* \* \* \* \* \*

"5. The defendant was not negligent in any respect.

"6. The cause of death of the decedent is pure speculation, surmise and conjecture.

"7. The plaintiffs' complaint should be dismissed with prejudice."

With respect to finding no. 3 appellants state in their reply brief that they have abandoned the question of warranty. Therefore, that finding stands and this court need not consider the substantiality of the evidence to support it.

We review the evidence at some length. On May 7, 1960, the appellant, Bartie Renfro, father of deceased, negotiated with appellee for the purchase of the used grader. On driving it upon appellee's lot he noticed that when the brake pedal was applied it went all the way to the floor and that the steering was rough. He told appellee he would purchase the grader if appellee would repair the brakes and fix the steering. A mechanic of appellee testified that he had been told by appellee to repair the brakes; that he filled the master cylinder, bled the line and put in some hydraulic oil. The mechanic then drove the grader around the yard testing the brakes and they were functioning properly. He also visually inspected the brake linings for leaks and found none. This was done on May 14, 1960. Thereafter, on the same day, appellant, Bartie Renfro, came in and took delivery of the grader at which time both he and the mechanic noticed a leak in the transmission but Renfro accepted the fact and was not disturbed by it.

Bartie Renfro testified that after taking delivery of the grader he drove it from appellee's yard to his home having 5 or 6 occasions to use the brakes on the way; that the pedal was hard to push down but this was not unusual and the brakes worked all right. The following morning he drove the grader from his home in south Albuquerque to Highway 10 and from there several miles toward the scene of the accident; that he applied the brakes 2 or 3 times during this trip and they were functioning properly; that the deceased, Robert William Renfro, 18 years old, driving a pickup, traded places with his father and took possession of the grader a mile or two south of the intersection of Highways 10 and 44; that about a mile and a half up the slightly graded road deceased stopped the grader at a store while his father purchased cigarettes. At that time the brakes were working properly.

Several miles farther up the road Bartie Renfro, traveling somewhat faster than the

grader, pulled the pickup to the side of the road to give his son 20 or 30 minutes to get well ahead. While waiting he heard a noise, looking up he saw the grader coming backwards down the hill, traveling between 50 and 55 miles per hour with the deceased standing up with both hands on the steering wheel, and looking backwards as though in an attempt to control the grader. Bartie Renfro immediately turned the pickup around and drove alongside the grader for about a quarter of a mile. During this time he observed the handbrake pulled all the way back to the seat. After passing the grader to warn traffic below, appellant looked through his rear view mirror and saw his son lying in the center of the road. The son died a few minutes later. The grader came to a stop 15 to 18 feet off of and below the road where it had run into a house.

The grader was not examined by Bartie Renfro until several weeks after the accident and there was no direct evidence of a failure of the brakes. There was, however, evidence that the deceased at times had driven this type of equipment but was not an experienced operator of it; that the grader had 8 forward speeds; that an almost complete stop was required in order to shift gears traveling upgrade; that if in shifting gears the operator missed a gear the grader would start a backward motion. A part of the transmission housing found in a puddle of oil in the middle of the road was admitted into evidence for the purpose of showing the point at which the grader ceased its forward motion, and as circumstantial evidence as to how the backward motion began.

Bartie Renfro testified that he did not know what happened except what he observed, and that he knew of no specific acts of negligence of the appellee. His position, however, broadly stated, is that the point in the road where a part of the transmission housing lay in a puddle of oil indicates where the crankcase broke and the grader began its backward motion starting the chain of events leading to the death of deceased; that since the handbrake was observed pulled back to the seat is must be presumed that deceased first applied the footbrake and that the footbrake failed; that had the footbrake not failed the accident would not have happened; that the footbrake would not have failed in the absence of negligence on the part of appellee, and consequently the negligence of appellee was the proximate cause of death of deceased.

The grader was on appellee's lot in July, 1959. Sometime thereafter the brakes were tested and found operative. In May, 1960, when the grader was purchased by Bartie Renfro, the brakes were found to be inoperative, that is the brake pedal went to the floor board. Appellants contend this evidence alone shows that appellee had notice of a leak in the brake system which

it failed to repair, and as a result of which there arises an inference that appellee was negligent and this negligence was the proximate cause of the accident. For this reason, they urge that they made out a prima facie case of negligence and that the court erred in dismissing the complaint. We do not so consider.

■ The expert called by appellants to testify as to hydraulic brake systems stated that in his experience hydraulic fluid in reservoir would not evaporate in a period of less than one year. However, on cross-examination, he testified that from time to time brake fluid is added to all kinds of equipment with hydraulic brakes. This testimony, without more, did not give rise to an inference of a leak in the brake system which would make out a prima facie case of negligence. The evidence with respect to what was done to the brakes by appellee in checking them out, and as to their proper functioning at the time of delivery to Renfro and up to the time the grader was observed coming backward down the hill, substantially supports the lower court's findings. While the appellants were entitled to have inferences drawn in their favor, such inferences must be reasonably based on facts established in evidence and not based merely on conjecture or other inferences. Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352; Stambaugh v. Hayes, 44 N. M. 443, 103 P.2d 640.

■ While a plaintiff is not required to prove the negligence and proximate cause beyond a reasonable doubt, the circumstances shown by the evidence should be sufficiently strong that a jury, or court, as the case may be, might properly, on the grounds of probability as distinguished from certainty, exclude inferences favorable to the defendant. Sanders v. Atchison, Topeka & Sante Fe Railway Co., 65 N.M. 286, 336 P. 2d 324; Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197. It is not sufficient to show that the negligence charged might fairly and reasonably have caused the injury, if the circumstances shown indicate an equal probability that it was due to some other cause. Whetstine v. Moravec, 228 Iowa 352, 291 N.W. 425; Presnell v. Safeway Stores, Inc., (Wash. 1962), 374 P.2d 939.

■■ It is contended further that since the repair of the brakes was within the exclusive control of appellee and since appellants themselves have no knowledge of the cause of the accident, they are entitled to the benefit of the doctrine of res ipsa loquitur "with respect to the specific acts of negligence for which defendant is responsible." This contention is likewise without merit. True, in the absence of proof of specific acts of negligence a prima facie case of negligence may rest either upon an inference of negligence from the circumstances shown, or the presumption of negligence arising under the doctrine. Ta-

foya v. Las Cruces Coca-Cola Bottling Company, 59 N.M. 43, 278 P.2d 575. But as this court said in McFall v. Shelley, 70 N. M. 390, 374 P.2d 141, 146, more than the happening of an accident is required to set the doctrine of res ipsa loquitur in operation.

■ It is generally said that for the res ipsa doctrine to apply these elements must exist: (1) that the accident be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) that it must be caused by an agency or instrumentality within the exclusive control and management of defendant. Tafoya v. Las Cruces Coca-Cola Bottling Company, supra, 38 Am.Jur., Negligence, § 295.

■ The absence here of any evidence, or inference to be drawn therefrom, that the accident in question is the kind which ordinarily does not occur in the absence of someone's negligence would alone defeat the application of the doctrine. However, the second of these elements requires some discussion in view of the fact that the lower court, in its finding no. 4 appears to negate exclusive control in appellee of the repair of the brakes.

■ We do not think there is any evidence to support the finding that the work on the brakes was done on delivery of the grader at appellants' request. But, the error is harmless as obviously a contrary finding would not affect the decision of the trial court. Granted that appellee had exclusive control of the brake repairs, and granted further that the requisite control is not necessarily control exercised at the time of the injury but may be control exercised at the time of the negligent act which subsequently results in injury, Peterson et al. v. Minnesota Power & Light Co., 207 Minn. 387, 291 N.W. 705; Thompson v. Burke Engineering Sales Co., 252 Iowa 146, 106 N.W.2d 351; Tafoya v. Las Cruces Coca-Cola Bottling Co., supra, Prosser, Ch. 7, § 42, p. 206, there was nothing more than surmise or speculation to connect the exercise of that control with the subsequent injury. There must be some showing that the cause of the accident is directly or naturally the result of some act or condition with which the defendant is connected and which ordinarily does not happen if those who have control or management exercise proper care. Frenkil v. Johnson, 175 Md. 592, 3 A.2d 479.

■ Thus, appellants having failed to meet the essential elements of the doctrine of res ipsa loquitur, it was not available to them. In any event we fail to see how they could be benefited from its application "with respect to the specific acts of negligence for which defendant is responsible." Res ipsa loquitur does not impose liability as a matter of law, but means only that defendant has the burden of meeting or balancing the inference of negligence. Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102; McFall v. Shelley, supra; and DiMare v.

Cresci, 23 Cal.Rptr. 772, 373 P.2d 860. On the basis of testimony elicited by appellants from appellee's witnesses, the court concluded that appellee was not negligent in any respect, thus, in effect, dispelling any inference of negligence which might have arisen from the operation of the doctrine.

The findings of the court, with the exception of the harmless error discussed, being supported by substantial evidence, the court properly refused findings to the contrary. The judgment should be affirmed and IT IS SO ORDERED.

CHAVEZ and NOBLE, JJ., concur.

CARMODY and MOISE, JJ., not participating.