421 P.2d 778

**Edd MITCHELL, Plaintiff-Appellant,**

**v.**

**James Richard RIDGWAY, Defendant-Appellee.**

**No. 8007.**

Supreme Court of New Mexico.

Dec. 19, 1966.

**250**

Mack Easley, Robert F. Pyatt, Ray H. Potter, Hobbs, for appellant.

Neal & Neal, Hobbs, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

The plaintiff's second amended complaint sought to recover damages from the defendant. The defendant met the complaint with a motion to dismiss for failure to state a claim upon which relief could be granted. From a judgment sustaining the motion and dismissing all three counts of the complaint the plaintiff now appeals.

The admitted and stipulated facts disclosed that the plaintiff, in June, 1964, while driving an automobile at night on paved State Highway No. 132 north of Hobbs struck a horse owned by the defendant. At the scene of the accident there was a legal fence on the east side of the highway. On the west side there was a fence, but it did not meet the minimum standards of a legal fence as defined by Section 47–17–3, N.M.S.A.1953. The residence of the defendant was almost two miles north of the scene of the accident and on the east side of the highway. On the east side of the highway near the defendant's residence there was no fence. The corral where the horse was kept was over a hundred feet from the highway and enclosed approximately two acres. The corral was constructed of woven wire attached to steel posts and was six feet high. The gate to the corral was fourteen feet long with one post in the middle, it was made of chicken wire four feet high with a one by four timber above the wire.

Count one of the second amended complaint alleged, inter alia, that the accident was the proximate result of the defendant's negligence in failing to restrain and confine his horse to his premises and permitting it to roam at large and unattended upon a heavily traveled public highway. The trial court held that this did not state a claim upon which relief could be granted. It should be noted that the judgment of the trial court was entered on May 3, 1965, this was long before the decision of this court in Grubb v. Wolfe,

75 N.M. 601, 408 P.2d 756. It is admitted that the decision in that case is controlling here unless it be reversed. Although the defendant moved to dismiss the complaint for failure to state a claim upon which relief could be granted, and the judgment sustained the motion, it should be treated as a summary judgment in view of the reception of the stipulated facts. In Grubb v. Wolfe, supra, we stated that the owner of livestock has a duty to care for his property as a reasonable man, and that he may be liable for injuries to motorists resulting from collisions with his animals due to his negligence in permitting them to be on the highway. Questions of negligence are generally questions for the jury to decide. Hole v. Womack, 75 N.M. 522, 407 P.2d 362; Willims v. Neff, 64 N.M. 182, 326 P.2d 1073. Counsel for the defendant have ably argued that Grubb v. Wolfe is contrary to the common law. In Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942 we said:

"* * * In 1876, the common law, as recognized in the United States, was adopted as our rule of practice and decision. Laws 1876, c. 2, § 2 (1929 Comp. § 34–101). And, except as superseded or abrogated by statute or constitution, or held to be inapplicable to conditions in New Mexico, the common law remains the rule of practice and decision."

Modern highways and vehicular traffic in New Mexico with livestock permitted to roam at large presents an intolerable situation. We neither overrule nor modify Grubb v. Wolfe. We hold that it is for the trier of the facts to determine whether the owner of the animal has used reasonable care to restrain his livestock.

Count two of the second amended complaint alleged that the accident was the proximate result of the defendant's negligence per se in permitting his horse to graze, wander or run at large upon State Highway No. 132, which at the time and place of the accident was fenced on both sides, all in violation of Sec. 40A–8–10 and Sec. 64–18–62 N.M.S.A., 1953.

The statutes just referred to, at the time of the accident in controversy, were as follows:

"Section 40A–8–10. Unlawfully permitting livestock upon public highways consists of any owner or custodian of livestock negligently permitting his livestock to run at large upon any part of a public highway which is fenced on both sides thereof.

"Every owner or custodian of livestock shall exercise diligence to keep his livestock off the state public fenced highways, and shall promptly report to the state highway department any damage or disrepair discovered of fences maintained by the department adjoining his property. The state highway department shall inspect regularly and maintain

**252**

fences constructed and owned by the department which are located adjacent to property containing livestock.

"Whoever commits unlawfully permitting livestock upon public highways is guilty of a petty misdemeanor."

"Section 64–18–62. (a) It shall be unlawful for any person during the hours of darkness to ride a horse or other animal upon the traveled portion of any highway which is normally used by motor vehicles. (b) It shall be unlawful for any person to permit live stock to wander or graze upon any fenced highway at any time, or during the hours of darkness to drive livestock along or upon any highway, which is normally used by motor vehicles."

Analysis of the two statutes readily discloses the purpose of each, that is, protection of the motoring public. In dismissing count two, the trial court erred. In Clay v. Texas-Arizona Motor Freight, Inc., 49 N.M. 157, 159 P.2d 317, we stated:

"This court has adopted the view that in tort actions the ultimate fact is that of negligence, whether per se or common law, and that proof of the violation of a city ordinance is merely one method of establishing that fact."

The third count of the plaintiff's second amended complaint contained in the alternative allegations designed to invoke the benefit of res ipsa loquitur. The trial court dismissed this count for failure to state a claim upon which relief could be granted and for the further reason that the rule of res ipsa loquitur was not applicable. We are aware of the division of opinion that exists in other jurisdictions on the question of the applicability of res ipsa loquitur. The two views are well expressed in Wilson v. Rule, 169 Kan. 296, 219 P.2d 690 and Rice v. Turner, 191 Va. 601, 62 S.E.2d 24, where there was a refusal to apply the rule and in Scanlan v. Smith, 66 Wash.2d 601, 404 P.2d 776 the opposite result was reached. Although Scanlan v. Smith, supra, claims to represent the majority view the numerical difference is very close and the presence of statutes in some states weakens the claim.

We hold that the third count of the plaintiff's second amended complaint stated a cause of action. As we held in McFall v. Shelley, 70 N.M. 390, 374 P.2d 141, the facts pleaded are sufficient to avoid a nonsuit, but a judgment in favor of the plaintiff does not necessarily follow. The plaintiff must still fulfill the burden of satisfying the court, or the jury, that the accident was of a kind which ordinarily does not occur in the absence of someone's negligence, and that the agency or instrumentality, in this case a domestic animal, was within the exclusive control of the defendant. See Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130.

In view of the foregoing, judgment of the trial court dismissing all three counts of the plaintiff's second amended complaint will be reversed in all respects and the trial court will reinstate the cause for trial.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.