499 P.2d 1008

Juanita TERRY, as Personal Representative and Administratrix of the Estate of Bayard Edwin Weibert, Deceased, and Dannie Weibert Kuhner, Plaintiffs-Appellants,

v.

Charles DUNLAP et al., Defendants-Appellees.

No. 839.

Court of Appeals of New Mexico.

July 14, 1972.

———◇———

Charles M. Tansey, Tansey, Rosebrough, Roberts & Gerding, Farmington, Donald Brown, Roswell, for appellants.

Bob F. Turner, Russell D. Mann, Atwood, Malone, Mann & Cooter, Roswell, for appellees.

## OPINION

COWAN, Judge.

Plaintiffs appeal in this wrongful death action following a jury verdict for the defendants. We affirm.

A yearling belonging to the defendants Dunlap escaped from a pasture also owned by the Dunlaps. The animal apparently crossed a cattleguard installed and maintained by the New Mexico Highway Department where State Road 42 intersects with U. S. Highway 285 in De Baca County. A vehicle travelling on Highway 285 struck the animal and then collided with another vehicle in which plaintiffs' decedent was riding.

Upon conclusion of the evidence, the jury was instructed on the issue of the Dunlaps' negligence. The court refused to instruct the jury on the theory of res ipsa loquitur. It is this refusal to instruct that plaintiffs now assign as error. We agree with the trial court's ruling.

The New Mexico Supreme Court, in Hisey v. Cashway Supermarkets, Inc., 77 N.M. 638, 426 P.2d 784 (1967), stated:

"The factual basis necessary as a premise for application of res ipsa loquitur requires proof that (1) plaintiff's injury was proximately caused by an agency or instrumentality under the exclusive control of the defendant; and (2) the incident causing the injury is of the kind which ordinarily does not occur in the absence of negligence by the person having control of the instrumentality."

There was no evidence that any animal had ever escaped onto the highway via the cattleguard.

This fact, coupled with that of the ownership and control of the cattleguard by the New Mexico Highway Department, precludes the application of the doctrine of res ipsa loquitur. Tapia v. McKenzie, 83 N.M. 116, 489 P.2d 181 (Ct.App.1971).

The proof falls short of support for either aspect of the doctrine.

"A party is entitled to an instruction on his theory of the case if such a theory is pleaded and supported by the evidence. * * * Conversely, if there is no evidence to support the theory, it would be reversible error to instruct on that theory. * * *"

Aragon v. Speelman, 83 N.M. 285, 491 P. 2d 173 (Ct.App.1971); Garcia v. Barber's Super Markets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App.1969).

We fail to find evidence in the record which would support an instruction on res ipsa loquitur. Thus, the trial court's refusal to give the instruction was proper.

The judgment is affirmed.

It is so ordered.

HERNANDEZ, J., concurs

SUTIN, J. (dissenting).

SUTIN, Judge (dissenting).

I respectfully dissent.

In Freer v. Rowden, 108 Ill.App.2d 335, 247 N.E.2d 635 (1969), the court said:

Where general negligence has been pleaded it is a question of law whether or not the doctrine of res ipsa loquitur applies in a given case.

Under Count II, plaintiffs pleaded general negligence. Therefore, the doctrine of res ipsa loquitur applies. The critical issue is whether under the facts presented, the exclusive control of the yearling by defendants created an incident causing the death, which incident is of the kind which ordinarily does not occur in the absence of defendants' negligence. Ford v. Etheridge, 71 N.M. 204, 377 P.2d 386 (1962).

A review of the record convinces me there was sufficient evidence upon which to present to the jury the issue of res ipsa loquitur. I believe the trial court erred when it refused plaintiff's tendered jury instruction U.J.I. 12.14. To review the evidence would not add value to this dissenting opinion. See Tapia v. McKenzie, 83 N.M. 116, 489 P.2d 181 (Ct.App.1971).

Defendants raised an interesting question which has not been specifically decided in New Mexico. It is stated as follows:

When the evidence presented gives rise to permissible inference of specific acts of negligence on the part of defendants, is there any basis for the trial court to instruct on the doctrine of res ipsa loquitur?

The defendants say "No." I say "Yes."

New Mexico Uniform Jury Instructions —Civil—U.J.I. 12.14, committee comment, page 166, states:

The question of whether or not specific acts of negligence and res ipsa loquitur may be relied upon by a plaintiff has not been settled by our court. Tuso v. Markey, supra. [See infra].

A. *It is Proper to Instruct on Specific Acts of Negligence and Res Ipsa Loquitur in Negligence Cases.*

The trial court instructed the jury that, (1) it is unlawful to negligently permit livestock to wander or graze upon any fenced highway; (2) it is negligent to violate § 40A–8–10(A), (B) (1), N.M.S.A. 1953 (Repl. Vol. 6, Supp.1971). It refused to instruct on res ipsa loquitur. The jury rendered a verdict for defendants.

Defendants submit that the question stated above must be answered in the negative based upon Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197 (1933), with reference made to Harless v. Ewing, 81 N.M. 541, 469 P.2d 520 (Ct.App.1970); Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102 (1956).

In *Hepp*, supra, the court passed the question of applicability of the doctrine of res ipsa loquitur. Nevertheless, the court said:

But, where the facts and circumstances surrounding the injury themselves point with sufficient definiteness to negligence on the part of defendant to warrant an inference thereof, then the reason for an application of the rule [res

ipsa loquitur] fails. The plaintiff under such circumstances is entitled to reach the jury, not by reason of any presumption deduced from common experience, but by force of permissible inferences from the evidence itself.

*Hepp* cited no authority for its conclusion. *Tuso*, supra, referred to *Hepp's* rule, but despite the language set forth, it held contrary to the *Hepp* rule. Two things must be noted.

(1) In *Tuso*, a review of the transcript of the record shows that the trial court did instruct the jury on specific acts of negligence of defendant. Nevertheless, the Supreme Court ruled that it was reversible error to refuse an instruction on res ipsa loquitur. This means that the trial court must instruct on specific acts of negligence and res ipsa loquitur if there is sufficient evidence to submit to the jury both theories of liability. The *Hepp* rule is erroneous. If res ipsa loquitur was not a question involved in that decision, Heron v. Smith, 75 N.M. 375, 404 P.2d 856 (1965), or was unnecessary to the decision, it was dicta and not binding as a rule of law. Rocky Mountain Life Insurance Company v. Reidy, 69 N.M. 36, 363 P.2d 1031 (1961). If it should be considered as a rule of law, it should be overruled.

(2) *Tuso* held the plaintiff had the right to introduce evidence to prove specific acts of negligence. If the plaintiff was successful, he ought not to be penalized for succeeding. This has been construed to mean that "Until the jury decided the case, we could not know whether plaintiff had proved specific acts of negligence, an absence of negligence on defendant's part, or the facts on which to apply the doctrine of res ipsa loquitur." Harless v. Ewing, supra. Neither does the plaintiff know whether he has succeeded in proving specific acts of negligence. This means that the trial court must instruct on both theories in order not to penalize the plaintiff.

For cases which support this legal position, see Freer v. Rowden, supra; Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 136 N.W.2d 338 (1965).

B. *It is Unfair to Force an Election of Instructions at the Close of a Case.*

To force the plaintiff or the trial court to elect between instructing on specific acts of negligence and res ipsa loquitur is an act of injustice.

From many years of experience, we have learned that a phrase or sentence in lengthy testimony may be decisive. Either may be substantial in determining whether a factual issue should be submitted to the jury. Res ipsa loquitur is deeply imbedded in our jurisprudence. It should not be denied a plaintiff in a negligence case upon the technical snap of the pen.

In animal cases of this nature, neither the plaintiff nor the trial court, realistically, can determine from the facts and circumstances surrounding the injury whether they point with sufficient definiteness to defendants' specific acts of negligence. This question is for the jury. In this case, the jury did not believe defendants were guilty of specific acts of negligence. If the jury did not so believe, the jury should have the right to determine whether defendants were negligent by inference where the two elements of res ipsa loquitur are proven.

Justice Charles Evans Hughes once said: "In a number of cases, dissenting opinions have in time become the law." One of the reasons is that trial courts and courts of review often decide cases based upon personal evaluation rather than upon the evidence or the transcript of the record, and the law applicable thereto. I trust that the Supreme Court will, if requested, rule upon this new principle of law in New Mexico.