512 P.2d 1261

**Mary AKIN and David Akin, her son,
Plaintiffs-Appellees,**

v.

**Jack and Homer BERKSHIRE,
Defendants-Appellants.**

**No. 1037.**

Court of Appeals of New Mexico.
July 18, 1973.

Dale W. Ek, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellants.

Charles P. Reynolds, Albuquerque, for plaintiffs-appellees.

OPINION

HERNANDEZ, Judge.

Plaintiffs' automobile was partially destroyed after a collision with a cow. The case was first brought in the Torrance County magistrate court where a judgment was entered in favor of the plaintiffs. On appeal to the Torrance County district court a trial de novo resulted in affirming the judgment in favor of plaintiffs. The defendants bring this appeal asserting only one assignment of error: that the court erred in ruling that the doctrine of res ipsa loquitur was applicable to the facts of this case.

We reverse.

The essential facts of the accident are undisputed. Plaintiff's son was driving home from a football game around 9:30 p. m. accompanied by his sister and a friend. As they were traveling north on state highway 41 a cow, owned by the defendants, appeared on the roadway directly in front of the car. The driver was unable to take any action to avoid hitting the animal.

The defendants own the ranch which bounds highway 41 on both sides of the road for a considerable distance in both directions from the scene of the accident. The evidence developed as to the condition of the gates and fences in the vicinity showed that they were in a good state of repair. Plaintiff's son had been a passenger in a car driven over the same route earlier that evening and had seen no livestock on the highway.

The trial court made the following findings of fact relevant to the res ipsa loquitur doctrine:

"14. The evidence fails to establish how the cow struck by the plaintiff's vehicle escaped from the fenced enclosures or

gates and how long said cow had been upon the roadway prior to the accident. "15. The accident in this case was of a kind which ordinarily does not occur in the absence of negligence on the part of the defendants who were in exclusive management and control of the said cow. "16. The defendants negligently permitted their cow to wander upon the highway."

The finding of negligence in #16 is based on res ipsa loquitur. The issue in this appeal is whether there is evidence to support the factual basis for res ipsa loquitur in finding #15. No claim of negligence separate from res ipsa loquitur was raised or decided by the trial court.

■ Our Supreme Court has made it clear that the doctrine of res ipsa loquitur is not automatically applicable in every situation: "* * * more than the happening of an accident is required to set the doctrine * * * in operation." Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130 (1963). In order to apply the doctrine of res ipsa two elements must exist: "(1) that the accident be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) that it must be caused by an agency or instrumentality within the exclusive control and management of defendant." Renfro v. J. D. Coggins Company, supra. Since defendants concede that the cow, the instrumentality in this case, was within their exclusive control, we need only examine the evidence on the first element of the doctrine.

■■ The burden of proving the presence of both elements rests on the plaintiff. Mitchell v. Ridgway, 77 N.M. 249, 421 P.2d 778 (1966). Plaintiffs here had the burden of proving that this particular accident does not ordinarily occur in the absence of someone's negligence. The evidence submitted on this point can be summarized in one sentence: Defendants' cow was on highway 41 where it was struck by plaintiffs' automobile. Our decision can likewise be stated in one sentence: Plaintiff has not sustained his burden of proof on the first element of the res ipsa loquitur doctrine. The only evidence in this case is that cows might get out of a fenced pasture if chased by men or animals; that cows have been known to jump fences; and that they will do just about anything you would expect them not to do. Thus, the only evidence is that this accident is of the kind which occurs in the absence of negligence. Terry v. Dunlap, 84 N.M. 86, 499 P.2d 1008 (Ct.App.1972); Tapia v. McKenzie, 83 N.M. 116, 489 P.2d 181 (Ct. App.1971).

Inasmuch as this evidence does not show that the accident was of the kind which ordinarily does not occur in the absence of someone's negligence we are obliged to reverse the judgment of the trial court.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.