514 P.2d 618

Isidore **TAPIA**, Personal representative of Willie Gauna, Jr., Deceased, Plaintiff-Appellee Cross-Appellant,

v.

Blevins McKENZIE, Defendant-Appellant Cross-Appellee.

No. 1086.

Court of Appeals of New Mexico.

Aug. 22, 1973.

Russell Moore, Charles A. Pharris, Kelcher & McLeod, Albuquerque, for appellant and cross-appellee.

Eugene E. Klecan, James T. Roach, Albuquerque, for appellee and cross-appellant.

## OPINION

HERNANDEZ, Judge.

This is the second appeal in this case. The first resulted in a reversal of a summary judgment granted the defendant. Tapia v. McKenzie, 83 N.M. 116, 489 P.2d

181 (Ct.App.1971). The subsequent jury trial resulted in a judgment for the plaintiff. Defendant appeals alleging that the trial court erred in denying his motion for a directed verdict and judgment n. o. v. He argues that the evidence did not establish the factual elements necessary for an application of the doctrine of res ipsa loquitur and that there was no evidence of any negligence on the part of the defendant.

We reverse.

Plaintiff's decedent, the driver of an automobile, was killed in a nighttime collision with a cow owned by the defendant. The property on either side of the highway for several miles in either direction from the site of the accident is owned by the defendant. The gates, fences and the cattle guard in the vicinity of the accident were shown to be in good repair. The gates were closed when inspected the evening of the accident and were closed when re-inspected the following day. On the night of the accident the investigating officer found cow tracks within the highway right-of-way along the fence on the south side of the right-of-way leading onto the highway near the point of ·impact. He found no tracks on the north side of the highway. On the following day the defendant and a state cattle inspector found cow tracks that crossed the cattle guard in the fence on the north side of the highway right-of-way leading onto the highway near the scene of the accident.

■ The sole issue is whether the trial court erred in denying the defendant's motion for directed verdict and judgment non obstante veredicto. In order to properly grant a judgment n. o. v. the trial court must examine the evidence and all permissible inferences to be drawn from the evidence and "* * * be able to say that there is neither evidence nor inference from which the jury could have arrived at its verdict." Michelson v. House, 54 N.M. 197, 218 P.2d 861 (1950); Garcia v. Barber's Super Markets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App.1969).

■ Because plaintiff's case was grounded on the doctrine of res ipsa loquitur he had the burden of proving the two elements necessary to its application: (1) that the cow (the instrumentality in this case) was under the exclusive control of the defendants; and (2) that this accident was of the type which ordinarily does not occur in the absence of negligence. Mitchell v. Ridgway, 77 N.M. 249, 421 P.2d 778 (1966). Mere proof of the occurrence of an accident is not sufficient to invoke the res ipsa loquitur doctrine. Renfro v. J. D. Coggins Co., 71 N.M. 310, 378 P.2d 130 (1963).

■ The evidence adduced in support of the doctrine of res ipsa loquitur is substantially similar to the evidence developed in Akin v. Berkshire, (N.M.Ct.App.) 512 P.2d 1261, decided July 18, 1973. We held there that while there was no question that the cow was under the exclusive control of the defendant, plaintiff had not shown that the cow-car accident in that case was "of the type which ordinarily does not occur in the absence of negligence." Likewise, plaintiff here has not sustained his burden of proof on this element.

Plaintiff has two theories of negligence which are not based on the doctrine of res ipsa loquitur.

■ One theory is that defendant was negligent under the evidence that the cow got onto the highway by crossing a cattle guard in the fence on the north side of the highway right-of-way. This does not show negligence on defendant's part since the cattle guard and the fence did not belong to defendant; they belonged to the State Highway Department. There is nothing indicating defendant knew or should have known that his cow could or would cross the cattle guard.

The second theory of negligence concerns the gate in the fence on the south side of the highway right-of-way. There is evidence that defendant's cattle were seen near a water tank on the south pasture near this gate about 1¼ hours before the accident. Plaintiff states: "The fact

that cattle were being worked right near the fence just prior to the accident, the fact that the only cow tracks were near the south fence going both east and west from the gate area and the fact that the fences were in good repair gives rise to reasonable inference that the cow came through the gate." We disagree.

The evidence is that the cattle being worked in the south pasture were taken to the pasture on the north side of the highway through an underpass prior to the accident. There is no evidence that any cow remained in the south pasture. There is no evidence that the gate in the south right-of-way line was ever opened.

Plaintiff's hypothesis must rest on the tracks within the right-of-way near the south fence. These tracks went in both directions from the gate. The State Police Officer, who found these tracks, testified he had "at least three ideas * * * on how the cow may have got on the road."

■ If we assume that the cow tracks along the south right-of-way fence permit an inference that the cow came through the gate in the south fence, we must consider another, and equal, inference permissible from the testimony and the exhibits. This inference is that the cow crossed the cattle guard and crossed to the south side on hard surface that did not show tracks, and then began her wanderings along the south fence. Evidence equally consistent with two hypotheses tends to prove neither. Stambaugh v. Hayes, 44 N.M. 443, 103 P.2d 640 (1940). The proof is insufficient to support a finding of negligence on the part of defendant on the theory the cow came through the south gate. See Hughes v. Walker, 78 N.M. 63, 428 P.2d 37 (1967); Buchanan v. Downing, 74 N.M. 423, 394 P.2d 269 (1964); Renfro v. J. D. Coggins Company, supra; Lovato v. Plateau, 79 N.M. 428, 444 P.2d 613 (Ct.App.1968).

■ There being insufficient evidence for the application of the doctrine of res ipsa loquitur and insufficient evidence of negligence apart from the doctrine, defendant's motion for a directed verdict should have been granted. That not having been done, the motion for judgment notwithstanding the verdict should have been granted. With this result, we need not consider plaintiff's cross-appeal.

The judgment is reversed; the cause is remanded with instructions to set aside the present judgment and enter a new judgment in favor of defendant.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.