525 P.2d 924

**Robert BIESECKER, Individually, and Mark Allen Biesecker, a minor, By his father and next friend, Robert Biesecker, Plaintiffs-Appellees,**

v.

**Jack DEAN, Defendant-Appellant.**

**No. 1350.**

Court of Appeals of New Mexico.

Aug. 7, 1974.

Certiorari Granted Sept. 5, 1974.

Hendley, J., filed a dissenting opinion.

LeRoi Farlow, Farlow & Lill, Albuquerque, for defendant-appellant.

Gallagher & Walker, Willard F. Kitts, John W. Boyd, Albuquerque, for plaintiffs-appellees.

## OPINION

SUTIN, Judge.

Defendant appeals from a judgment in a negligent action in which the jury returned a verdict for plaintiff Mark Allen Biesecker.

The error claimed is (1) failure to grant defendant a directed verdict at the close of plaintiff's case, (2) error in giving two instructions, and (3) the verdict was excessive.

(1) *Defendant was not entitled to a directed verdict.*

Defendant contends he was entitled to a directed verdict at the close of the plaintiff's case. After setting forth the motion of the defendant for a directed verdict at the close of plaintiff's case, defendant states:

> This motion was denied and it is the defendant's position the Motion should have been granted and the suit dismissed.

■ After the motion for directed verdict had been denied, defendant proceeded to put on his case. This constituted a waiver of defendant's claim of error. Bondanza v. Matteucci, 59 N.M. 354, 284 P.2d 1024 (1955). However, defendant did move for a directed verdict at the close of all the evidence which the trial court again denied. We grant the defendant the right to challenge the sufficiency of all the evidence in the case to support the jury's verdict. Plaintiff Mark Allen Biesecker was riding in his father's automobile and was injured when the automobile collided with defendant's bulls. Defendant claims he was not negligent in allowing two of his bulls to wander upon an unfenced highway.

Section 64–18–62(C), N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2) reads as follows:

> Owners of livestock ranging in pastures through which *unfenced* roads or highways pass shall not be liable for damages by reason of injury or damage to persons or property occasioned by collisions of vehicles using said roads and highways and livestock or animals ranging in said pastures *unless such owner of livestock is guilty of specific negligence* other than allowing his animals to range in said pasture. [Emphasis added.]

Under the above statute, where the collision occurs on an unfenced highway between a vehicle and livestock, the owner of the livestock is not liable unless the owner is guilty of "specific negligence."

In 1965, the owner of livestock was not liable "in the absence of negligence of any such owner." Laws 1965, ch. 221, § 1. In 1966, the statute was amended to read in its present form. The reason for the change was that the doctrine of res ipsa loquitur was applicable in a car-cow collision. Mitchell v. Ridgway, 77 N.M. 249, 421 P.2d 778 (1966).

■ The use of the phrase "specific negligence" means that the plaintiff is denied the right to rely on the doctrine of res ipsa loquitur. The plaintiff must rely only on the doctrine of negligence as defined in U.J.I. 12.1. For distinction between "specific negligence" and res ipsa loquitur, see Tapia v. McKenzie, 83 N.M. 116, 489 P.2d 181 (Ct.App.1971), c. c., 85 N.M. 567, 514 P.2d 618 (Ct.App.1973); Terry v. Dunlap, 84 N.M. 86, 499 P.2d 1008 (Ct.App.1972); Prosser, Law of Torts, 4th Ed. § 40; 58 Am.Jur.2d Negligence, § 240; 65A C.J.S. Negligence § 220.23.

Defendant relies on Carrasco v. Calley, 79 N.M. 432, 444 P.2d 617 (Ct.App.1968). A careful reading of that case shows that this court did not determine the issue of negligence. The court said:

> The fact situation presented by plaintiff viewed in the light most favorable to the trial court's finding *does not require a determination of negligence on defendant's part.* * * * [Emphasis added.]

■ To establish liability of the owner, the evidence must show the elements of

negligent conduct which caused the collision.

■ " 'Negligence' encompasses within its meaning the concepts of foreseeability of harm to the person injured and of the duty to use ordinary care." Latimer v. City of Clovis, 83 N.M. 610, 615, 495 P.2d 788, 793 (Ct.App.1972).

Was there sufficient evidence to submit to the jury the issue of defendant's negligence? We say yes.

(a) *Facts*

The evidence most favorable to plaintiff is:

The accident occurred at nighttime on November 8, 1969, when plaintiff's father's Chevrolet van collided with two of defendant's bulls on Highway No. 42.

Since 1937, defendant owned a ranch about six miles south of Willard, New Mexico, consisting of 34,480 acres. The land was adjacent to the highway in question on both sides for nine miles. When defendant first acquired the land there was no paved road, but an old dirt country road running along the old New Mexico Central Railroad road bed. This road was not maintained at first, but later was oiled by the Highway Department and the Highway Department began to maintain it. The road was never fenced.

For a period of five years prior to the accident:

(1) Defendant knew of at least 30 separate instances of collisions between automobiles and his own cattle on Highway 42 where it is abutted by the defendant's property.

(2) About half of these collisions resulted in personal injuries to the drivers and occupants of automobiles and buses.

(3) Defendant had lost $9,000.00 worth of cattle on the highway.

(4) At first, defendant had been able to collect from automobile drivers, but the drivers "finally got smart" and if the drivers and vehicles were not delayed by injuries or property damage, defendant could not catch them. In the instant case, the defendant did not proceed by counter-claim to recover damages for loss of his two bulls.

(5) Half of all accidents between Willard and Corona involved defendant's cattle.

(6) At the place of the accident, the cattle could water on either side of the road and salt was placed at the water sites, the water and salt being close to the road. The bull that collided with the plaintiff's father's vehicle was coming from the water site at the time of the accident.

(7) During the five-year period before the accident, defendant knew that the increase in traffic, the death loss, and the danger grew continually worse, and he became more concerned over the travelling public.

(8) Prior to December, 1969, a month after the accident, the New Mexico State Highway Department's District Engineer had no conversations with defendant about fencing and defendant's desire to pay part of the cost. Defendant expected the State Highway Department to be responsible for the cost of building the fence. After the accident, defendant wrote the District Engineer about the dangerous situation.

(9) In 1970, defendant entered into a contract with the State Highway Department in which defendant would furnish the labor and the State would furnish the material to build a fence. Defendant removed all livestock on pastures from which it could get on the highway.

■ The evidence shows that defendant knew the unfenced highway was dangerous and he could foresee harm to persons driving on the highway. He had a duty to exercise ordinary care.

U.J.I. 12.2 defines ordinary care:

Ordinary care is that care which a reasonably prudent person exercises in the management of his own affairs. "Ordinary care" is not an absolute term, but a relative one. In deciding whether ordinary care has been exercised, the conduct in question must be considered

in the light of all the surrounding circumstances, as shown by the evidence.

What constitutes "ordinary care" varies with the nature of what is being done. *As the danger that should reasonably be foreseen increases, so the amount of care required also increases.* [Emphasis added.]

The only conduct of defendant prior to the accident which might bear on ordinary care was his attempt to get the State Highway Department to fence the area involved. After the accident he exercised ordinary care by contracting with the State Highway Department to erect a fence, and he then removed his cattle from highway entrance. A question of fact existed as to defendant's conduct prior to the accident. As the danger increased, defendant's duty to exercise ordinary care increased. But the defendant did nothing. He did not change the water and salt sites to discourage livestock from entering the highway. He did not attempt to negotiate with the State Highway Department to build a fence in which defendant would participate by contributing money, material or labor. Carelessly allowing livestock to enter the highway cannot be condoned because of the danger created to motorists who also have the right to use the highway.

■ Livestock owners with pastures bordering on an unfenced highway have a duty to exercise ordinary care to protect human life beyond their right to permit the livestock to stand on or cross the highway.

■ Defendant was not entitled to a directed verdict.

(2) *The trial court did not err in giving two instructions.*

■ Defendant objected to the court giving instructions Nos. 2 and 10.

Instruction No. 2 was a statement of the case. Plaintiffs claimed that defendant was negligent in failing to take reasonable steps to restrain his livestock from going onto and across the highway when he knew: (a) his livestock on the highway resulted in collisions which caused death and injury of many cows, and which caused injury to motorists; (b) cattle could be expected to go on the highway due to the location of food and water locations; and (c) that the danger to the motoring public was great and personal injuries to the motoring public were likely to result.

Defendant contends there was no evidence to sustain subsections (a), (b) and (c) because these were not acts of negligence. This contention is without merit because the subsections were not stated as acts of negligence. They simply stated matters within the knowledge of the defendant. There was evidence to sustain defendant's knowledge. Defendant did not object to that part of the instruction which reads:

That the defendant's decedent, Jack Dean, was negligent in that he did not take reasonable steps to restrain his livestock from going onto and across the highway from his unfenced pastures adjacent to the highway, at the time and place of the collision * * *

This claim of negligence became the law of the case. Giving it was not error.

Instruction No. 10 was a definition of "specific negligence." It reads as follows:

Specific negligence, as used in the foregoing statute, means negligence arising out of evidential facts sufficient to show some negligent acts or omissions which were the proximate cause of the collision. Specific negligence cannot be shown by the mere fact that the defendant allowed his cattle to range in the unfenced pastures adjoining the highway, and that such cattle were under his control.

Defendant's objections were that the meaning of specific negligence is clear in the statute; that it is not a correct statement of law; that it is misleading; that it confuses the jury; that the fair meaning of the statute is brought out in the court's instruction No. 11.

These are objections in general terms. They are not explicit. The trial court was

not advised of any specific error so that he could have an opportunity, if necessary, to correct it. Echols v. N. C. Ribble Company, 85 N.M. 240, 511 P.2d 566 (Ct.App. 1973).

█ This instruction was not erroneous.

(3) *The verdict was not excessive.*

██ The jury awarded Mark Allen Biesecker, an 11-year-old son of Robert Biesecker, the sum of $8,400.00. Defendant claims this verdict is excessive. We have reviewed the evidence. We do not find that the jury was motivated by passion, prejudice, partiality, sympathy, undue influence or some corrupt motive resulting in palpable error. We do not hold an award of damages to be excessive except in extreme cases. Baca v. Baca, 81 N.M. 734, 472 P.2d 997 (Ct.App.1970). This was not an "extreme case."

Affirmed.

It is so ordered.

LOPEZ, J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I respectfully dissent. Defendant was entitled to a directed verdict.

The question the majority does not ask or answer is: What act of *"specific negligence,"* other than allowing his cattle to range in a pasture bisected by a highway, determines defendant's liability? The fact that defendant's cattle have been involved in prior accidents is not material to the issue. Further, it is not material that defendant was unwilling to fence-off his pastures. The statute provides for open-range.

The fact that defendant had water and salt three-eighths of a mile to the east of the road, and water and salt at the ranch headquarters, even a further distance to the west of the road, does not give rise to any inference that the water and salt was negligently close to the road.

The uncontradicted testimony established that wells were placed on both sides of the road so that the cattle would not have to cross the road to water. The bull that was struck got his water at the headquarters. He was struck on the side of the road opposite the headquarters. It would, therefore, be unreasonable to infer that he was either coming from or going to water.

The application of § 64–18–62(C), N.M. S.A.1953 (2nd Repl.Vol.1972, pt. 2) may seem unfair to those that think defendant was negligent in allowing his pastures to remain unfenced. However, that is no reason to find liability in clear violation of the statute.

Accordingly, I respectfully dissent.