534 P.2d 481

Jack DEAN, Petitioner,

v.

Robert BIESECKER, Individually, and Mary
Allen Biesecker, a minor, by his father
and next friend, Robert Biesecker, Re-
spondent.

No. 10138.

Supreme Court of New Mexico.

April 30, 1975.

LeRoi Farlow, Albuquerque, for petition-
er.

Willard F. Kitts, John W. Boyd, Gal-
lagher & Walker, Albuquerque, for respon-
dent.

Modrall, Sperling, Roehl, Harris & Sisk,
John R. Cooney, Albuquerque, Regan &
Miles, Las Cruces, for amici curiae.

## OPINION

OMAN, Justice.

This cause is here upon certiorari to the
New Mexico Court of Appeals, which af-
firmed a judgment in favor of one of the
plaintiffs. Biesecker v. Dean, 86 N.M.
564, 525 P.2d 924 (Ct.App.1974). We re-
verse the Court of Appeals, reverse the
district court, and remand the cause to the
district court with directions to set aside
its judgment and dismiss plaintiff's com-
plaint with prejudice.

As shown by the majority and dissenting
opinions of the Court of Appeals, the prin-
cipal issue, and the only issue we need con-
sider, is that of the meaning and effect of
§ 64–18–62(C), N.M.S.A.1953 (2d Repl.
Vol. 9, pt. 2, 1972), which provides:

"(C) Owners of livestock ranging in
pastures *through which unfenced roads
or highways pass* shall not be liable for

damages by reason of injury or damage to persons or property occasioned by collisions of vehicles using said roads and highways and livestock or animals ranging in said pastures *unless such owner of livestock is guilty of specific negligence other than allowing his animals to range in said pasture.*" [Emphasis added]

This statute was approved and became effective on March 1, 1966, pursuant to a legislatively enacted emergency clause. The majority of the Court of Appeals reasoned that this provision of our statutes was enacted because, prior thereto, "the doctrine of res ipsa loquitur was applicable in a car-cow collision. Mitchell v. Ridgway, 77 N.M. 249, 421 P.2d 778 (1966)." We disagree.

The accident in the Mitchell case, relied upon by the Court of Appeals, occurred upon a fenced highway. Different statutory provisions were applicable and considered in the resolution of that case. 77 N. M. at 251–52, 421 P.2d at 780. The applicability of the doctrine of res ipsa loquitur in such cases had never before been raised and decided in New Mexico, and it has never been raised and considered by an appellate court in New Mexico in a case such as is now before us. If it has ever been raised and considered by a trial court in such a case, that case has not been brought to our attention. Besides, the decision in the Mitchell case was not filed until December 19, 1966, long after the adoption of the statutory provision applicable in the present case. There is absolutely nothing presented or known to us, concerning the legislative history of § 64–18–62(C), supra, which in any way suggests the reason for its enactment was as stated by the Court of Appeals.

The case mentioned in the record and the briefs, which it appears was at least in part, if not entirely, responsible for the enactment of § 64–18–62(C), supra, is that of Grubb v. Wolfe, 75 N.M. 601, 408 P.2d 756 (1965). This court's decision in that case was filed on December 13, 1965, and, as above observed, the statutory provision in

question was adopted and made effective on March 1, 1966. In the Grubb case, for the first time in New Mexico, it was held that the early day "open range" rule, which relieved an owner of livestock from any duty to keep his animals off a public highway, no longer prevailed in this state. The duty was placed upon him to exercise ordinary care or skill to keep his livestock from straying upon or crossing an unfenced highway. The law no longer protected the owner of livestock from his negligence in permitting them upon a public highway in "open range."

The Legislature responded almost immediately and provided that owners of livestock ranging in pastures, through which unfenced roads or highways pass, are not responsible for injury or damage resulting from collisions between vehicles and livestock upon these highways occasioned by allowing the livestock to range in these pastures. If an owner of livestock is to be held responsible for such injury or damage by reason of negligence, the negligence must consist of some specific act or omission other than allowing his animals to range in an unfenced pasture. Section 64–18–62(C), supra.

Although there are listed in the majority opinion of the Court of Appeals a number of recited facts and claimed facts from which that court is apparently able to find negligence, none of the recited facts constitute negligence apart from what might be inferred as resulting from or caused by the use by defendant of his pastures for grazing his cattle. As the use of the highway by the motoring public increased, the accidents increased and the damages to both the defendant and the motoring public increased. However, the State of New Mexico, which constructed and maintained the highway, was aware of this, and failed to fence its highway and thereby protect the defendant and the motoring public. The duty was not upon the defendant to either fence the highway or abandon his pastures. He had been relieved by the Legislature of responsibility

for permitting his cattle to graze in pastures adjacent to the unfenced highway. Section 64–18–62(C), supra.

The fact that many motorists left the scenes of accidents in order to evade their possible responsibility in damages for the cattle they injured or killed, cannot be charged as negligence, or be held to even suggest negligence, on defendant's part. The fact that he suffered substantial losses by reason of injury to his animals cannot be construed as a violation of any duty owed by him to the motorists. Because he did not counterclaim in the present suit for damages for the loss of his two bulls (actually only one was killed) is not a fact from which negligence on his part can be inferred. There was no counterclaim for the personal injuries and severe damages to his automobile sustained by the defendant in Grubb v. Wolfe, supra. Surely Mr. Wolfe could not have been charged with contributory negligence for failing to file a counterclaim for those damages.

The fact that there was water available on both sides of the highway would operate against any inference of negligence on the part of defendant. Had water been available on only one side, the cattle which grazed on the opposite side would most surely have crossed for water. In any event, water had to be available or the grazing of the pastures by defendant's livestock would not have been possible. Although it makes no difference whether the bulls were going to or coming from water, the fact is that the evidence supports no reasonable inference of either. It was dark at the time of the accident, and no one knows why these animals wandered onto the highway at that particular time.

It is stated in the majority opinion of the Court of Appeals that the water and salt were "close to the road." This is not supported by the record. The only evidence in this regard is that the water and salt nearest the point of the accident were ⅜ths of a mile from the highway.

As observed in the dissenting opinion of Judge Hendley of the Court of Appeals, to find liability on the part of defendant under the facts of this case is to disregard and do violence to the clear language of § 64–18–62(C), supra. Defendant was entitled to a directed verdict.

The decision of the Court of Appeals and the judgment of the district court are reversed. The cause is remanded to the district court with directions to set aside the judgment heretofore entered for plaintiff and dismiss plaintiff's complaint with prejudice.

It is so ordered.

McMANUS, C. J., and STEPHENSON, MONTOYA and MARTINEZ, JJ., concur.